**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MODERN, INC., and**
**FIRST OMNI SERVICE CORP.,**
                **Plaintiffs,**

**-vs-**                                                   **Case No. 6:03-cv-718-Orl-31DAB**

**STATE OF FLORIDA, DEPARTMENT OF**
**TRANSPORTATION, ST. JOHNS RIVER**
**WATER MANAGEMENT DISTRICT, and**
**UNITED STATES FISH & WILDLIFE**
**SERVICE,**
                **Defendants.**
_____

**ST. JOHNS RIVER WATER**
**MANAGEMENT DISTRICT**
        **Third Party Plaintiff,**

**vs**

**RUTH B. ECKERD & LESLIE R. SMOUT,**
**as personal representatives of the estate of**
**John M. Eckerd a/k/a Jack M. Eckerd &**
**THE GREAT OUTDOORS PREMIER**
**R.V./GOLF RESORT, INC.**
        **Third Party Defendants.**
_____

**ORDER**

    This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **MOTION FOR SANCTIONS FOR FAILURE TO RESPOND TO REQUEST FOR ADMISSIONS (Doc. No. 108)**
>
> **FILED:**    **May 4, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED.**

> **MOTION:** **SUPPLEMENTAL MOTION FOR SANCTIONS FOR FAILURE TO RESPOND TO REQUEST FOR ADMISSIONS (Doc. No. 110)**
>
> **FILED:** May 5, 2005
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

At the heart of the dispute presented by these motions is the appropriate use of Requests for Admissions, pursuant to Rule 36, Federal Rules of Civil Procedure. As evident in the extensive papers filed by the parties (Doc. Nos. 108-110, 114, 115, 118, 122, and 125), the issues presented are, in essence, what limits, if any, are placed on the amount and nature of Requests to Admit a party may propound and what limits, if any, are placed on the responding party's ability to object, qualify, elaborate or avoid, in response to a Request. While both sides urge the Court to adopt broad principles of general application, the Court sees the issues in a simpler light. Were *these* Requests appropriate and were *these* Answers responsive? The answer to both questions, in large measure, is yes.

The relevant portions of Rule 36(a) state:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact. . . . The matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter.... The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter. . . the party shall specify so much of it as true and qualify or deny the remainder. . . . If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of

these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial.

Rule 37(c)(2) provides in relevant part:

If a party fails to admit . . . the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves . . . the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

In this circuit, it has long been held that "Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Pickens v. Equitable Life Assur. Soc. of U.S.*, 413 F.2d 1390, 1393-1394 (5th Cir. 1969). Thus, requests for admissions as to central facts in dispute are beyond the proper scope of the rule and improper. *Id.* "[I]ssues obviously subject to dispute should be resolved at trial, not in a discovery motion." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002), *accord Whitaker v. Belt Concepts of Am., Inc.* (In re Olympia Holding, Inc.), 189 B.R. 846, 853 (Bankr. M.D. Fla.1995) (central facts in dispute are not deemed admitted).

In the case at bar, Defendant St. Johns River Water Management District (herein "the District") sent Plaintiffs requests for 241 admissions. By their own description, the requests were derived almost entirely from findings of fact made by the administrative law judge in a prior administrative proceeding. Judge Presnell has ruled that this prior proceeding is not *res judicata* on the issues presented in this case. In response to the Requests, Plaintiffs made general objections of undue burden, relevancy, and vagueness, and noted that their responses are based on existing documentation and knowledge, but that investigation continues and Plaintiffs reserved the right to

"revise, correct, add to, supplement, and amend their answers." Plaintiffs then proceeded to respond to the individual requests, in most cases asserting objections as to relevancy or vagueness, but then either admitting or denying the request. A typical example:

> 1. A ditch designated by the parties in prior administrative litigation, DOAH Case Nos. 97-4389 – 97-4393, 98-0426RX, 98-0427RU, 98-1180RX, 98-1181RU, 98-1182RX (hereafter "Prior Administrative Litigation" or "PAL") as "NS1" (see Exhibits A and B) runs parallel to Interstate 95 ("I-95") in a North-South direction.
>
> <u>Response</u>. Objection. Whether the parties designated a canal in the prior administrative litigation is irrelevant to the issues in the instant case. The term canal is vague and ambiguous. As to each request for admission concerning NS1, and reference to it as a canal, Plaintiffs reincorporate objection. Without waiving said objections, admitted.

The District contends that the answer is a failure to respond warranting sanctions, because "by qualifying their answer with an objection, the District does not know if their response to the admission request is binding." (Doc. No. 108 at 8). The Court rejects this argument. Plaintiffs' objections of "undue burden" and vagueness are moot because, as is clear, Plaintiffs answered the vast majority of the Requests. As to the relevancy objections, the Court fails to see how such a qualification would render an answer "not binding." Just as a similar objection in a deposition does not vitiate the witness's answer to the question, by admitting the matter, subject to a claim that the matter is irrelevant, a party is merely preserving an objection to the *admissibility* of the evidence, not wiggling out of the answer itself. The Court sees no basis for sanction here.

Similarly, in some cases, Plaintiffs noted that they did not have adequate information sufficient to answer the requests, but answered subject to that caveat. For example:

> 21. The distance between the east and west boundaries of the Refuge is approximately 3.75 miles.
>
> <u>Response</u>. Objection. Plaintiffs cannot admit or deny because they are unable to access the refuge property to obtain precise measurements. Based on documents within possession, custody, and control, denied.

The District objects to this Response, noting that "The request seeks an approximate distance, which can be obtained by referring to the numerous maps that have been utilized by both parties in the prior administrative litigation and other sources." It appears that the District is not asserting that Plaintiffs did not answer this request, but rather, the District disagrees with the answer provided (a denial). As the issue (the distance between the east/west boundaries) appears to be contested, resolution of this matter (and any resulting sanctions under Rule 37(c)(2)) must await trial.

The final category of responses the District objects to involves the failure to answer or deny a request, even with a qualification. For example:

> 26. After 1971, the Refuge became part of a national system for the conservation, management, and restoration of lands for fish, wildlife, plants, and their habitats.
>
> Response. Plaintiffs have made reasonable inquiry of available documentation concerning the Refuge, and based on that information they cannot admit or deny.

The District argues that the request is based upon the sworn testimony of a witness in the administrative hearing and thus, Plaintiffs should be able to answer this request by relying on the testimony or inquiring of the United States Fish and Wildlife Service (herein "USFWS").

Similarly, the District also requests admissions that the Refuge provides a habitat for various species, named in several separate requests. Plaintiffs have responded to these Requests with the response stated above, and the District has asserted the same objection to the responses.

For their part, Plaintiffs stated in their general objections:

> In some answers to the requests, Plaintiffs assert that based on the existing documentation, papers, information, and other items within their possession, custody, and control, they cannot admit or deny the request for admission. When such an answer is asserted, Plaintiffs represent that they have reviewed available documentation that was available to it at the time of answering and that based on that information, Plaintiffs cannot determine whether to admit or to deny the specific request.

Assuming the good faith of both sides and assuming the truth of both positions (that information is available through a third party and that the information Plaintiffs have in their possession is inadequate to frame an answer), the issue is whether the Court should compel a litigant to investigate a matter within the knowledge of a third party in order to answer the request. In view of the nature of the claims at issue in this litigation, and the nature of the particular requests, no such Order is appropriate. It is not disputed that the Refuge is, in fact, a federal refuge and that the USFWS manages the Refuge. (*See* Answer to Request 27). When that management began, what particular species of plant life or animals may exist on the property, and the existence and purpose of a national system for such management are not at issue here. As the matters sought to be admitted are not "relevant to the claim or defense of any party" (F.R.C.P., Rule 26(b)(1)), they are not the proper subjects of a request to admit, which pertains only to "any matters within the scope of Rule 26(b)(1)." *See, generally, Pickens, supra,* 413 F. 2d at 1394 (noting that the plaintiff's failure to reply to an improper request does not fall within the ambit of Rule 36(a) and constitutes no admission).

The motions are **denied.** The rulings herein are without prejudice to any post trial motion under Rule 37 (c)(2), F.R.Civ.P.

**DONE and ORDERED** in Orlando, Florida on July 18, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record