**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MODERN, INC., and
FIRST OMNI SERVICE CORP.,
                      Plaintiffs,

-vs-                                                  Case No. 6:03-cv-718-Orl-31KRS

STATE OF FLORIDA, DEPARTMENT OF
TRANSPORTATION, ST. JOHNS RIVER
WATER MANAGEMENT DISTRICT, and
UNITED STATES FISH & WILDLIFE
SERVICE,
                      Defendants.
_____

ST. JOHNS RIVER WATER
MANAGEMENT DISTRICT
        Third Party Plaintiff,
vs

RUTH B. ECKERD & LESLIE R. SMOUT,
as personal representatives of the estate of
John M. Eckerd a/k/a Jack M. Eckerd, THE
GREAT OUTDOORS PREMIER
R.V./GOLF RESORT, INC. and
BREVARD COUNTY
        Third Party Defendants.
_____

# ORDER

This matter comes before the Court on the Third Party Defendant Brevard County's Motion to Dismiss St. Johns River Water Management District's Third Party Complaint (Doc. 131) and the Response thereto (Doc. 134). The Court held a hearing on these matters on October 6, 2005.

## I. BACKGROUND

In their Fourth Amended Complaint, Plaintiffs Modern, Inc. ("Modern") and First Omni Service Corporation ("First Modern") have sued the Florida Department of Transportation ("FDOT"), the United States Fish and Wildlife Service ("USFWS"), and the St. Johns River Water Management District (the "District"). (Doc. 71). The Plaintiffs contend that the FDOT, with permits issued by the District, filled in various drainage ditches, resulting in persistent flooding on the Plaintiffs' land. (Doc. 71 at 6-7). The Fourth Amended Complaint asserts claims against the District for inverse condemnation (Count I), declaratory relief (Count III), and trespass (Count V).

On June 27, 2005, the District filed a third party complaint (Doc. 126) against various entities including Brevard County (the "County"). In the third party complaint, the District seeks indemnification or contribution from the third party defendants on the grounds that their activities caused or contributed to the flooding.

## II. LEGAL STANDARDS

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto, Fed. R. Civ. P. 10(c). The Court will take the complaint's allegations as admitted by the Defendant and will liberally construe them in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal

conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

**III.   APPLICATION**

The County first argues that, as an arm of the state, it is entitled to sovereign immunity. However, as the County itself points out, the state has waived its immunity for suits alleging breach of an express contract or tortious acts for which a private person under similar circumstances would be held liable. In the instant case, the District seeks indemnity based on a clause in the permit it issued to the County, which at this stage of the proceedings is at least arguably an express contract for purposes of the state's waiver of sovereign immunity. Similarly, the Plaintiffs' trespass claim against the District and the District's tort-related claims for common-law indemnity, subrogation and contribution are enough at this stage to implicate the state's waiver regarding tortious acts. Moreover, at its heart, this is an inverse condemnation case, an area to which sovereign immunity does not apply.

The remainder of the County's arguments do not merit extended discussion. The Third Party Complaint does not allege that the County must indemnify the District for the District's own negligence, so the Court cannot conclude at this stage that the indemnity clause in the permit violates Fla. Stat. § 768.28. Contrary to the County's reading, the Fourth Amended Complaint does not allege that the District intended to flood the Plaintiffs' property or intended to violate their constitutional rights and, more importantly, the Third Party Complaint does not allege that the District had any such intent. While it is true that the right to subrogation would not arise until the underlying judgment has been entered, the law does not require a separate, post-judgment proceeding for any subrogation claim. The County alleges that the permit's indemnity clause

exceeds the District's statutory authority and is inconsistent with its special regulatory duties under Chapter 373, Florida Statute.  The County offers no support whatsoever for these allegations, failing to even cite the relevant statutory language, much less describe how the District's actions violated it.

**IV.    APPLICATION**

It may turn out, for example, that the District exceeded its statutory authority by including an indemnity clause in its permit, or that the District intended to flood the Plaintiffs' property and therefore is not entitled to common-law indemnity.  But the Court cannot make any such conclusions at this stage of the proceedings.  In consideration of the foregoing, it is

**ORDERED** that Third Party Defendant Brevard County's Motion to Dismiss St. Johns River Water Management District's Third Party Complaint (Doc. 131) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 20, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party