**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MODERN, INC., and**
**FIRST OMNI SERVICE CORP.,**
                **Plaintiffs,**

**-vs-**                                              **Case No.  6:03-cv-718-Orl-31KRS**

**STATE OF FLORIDA, DEPARTMENT OF**
**TRANSPORTATION, ST. JOHNS RIVER**
**WATER MANAGEMENT DISTRICT, and**
**UNITED STATES OF AMERICA,**

**Defendants.**

## ORDER

This matter comes before the Court on the Plaintiffs' Motion for Rehearing and Reconsideration of Order Granting United States Fish And Wildlife Service's Motion for Summary Judgment as to Plaintiffs' Common Law Flowage Easements (Doc. 376) and the response (Doc. 384) filed by the United States of America.[1]

On July 17, 2006, the Court entered an order (Doc. 351) granting in part the United States' motion to dismiss or, in the alternative, for summary judgment (Doc. 215). As part of that order, the Court granted summary judgment on the common law flowage easement issue. (Doc. 351 at 13). The United States had argued that its activities had been confined to restoring the natural flow of water on its property, rather than interfering with it (Doc. 351 at 12). The Plaintiffs'

---

[1] Subsequent to the order at issue, the United States of America was substituted in for Defendant United States Fish & Wildlife Service. (Doc. 380). For simplicity's sake, the remainder of this order will refer solely to this Defendant as the "United States".

response was off the mark, arguing that Florida's reasonable use rule barred the United States from interfering with maintenance of the Drainage System on the Plaintiffs' property and that the Plaintiffs had a right to channel waters off their property into the St. Johns River.  (Doc. 351 at 13).

The Plaintiffs now seek reconsideration of that order, raising arguments not made during their initial response.  They offer no explanation for their failure to raise these arguments during their first bite at the apple, which is in itself grounds for denial of their motion.  *In re Kellogg*, 197 F.3d 1116, 1120 (11th Cir. 1999) (holding that party may not use Rule 59(e) motion to raise arguments available but not advanced at hearing).

Their arguments also fail substantively.  The Plaintiffs first argue that the ultimate issue of whether the United States interfered with the Plaintiffs' common law flowage easement is not (and was not) before the Court.  But in Count IV of the Fourth Amended Complaint, the Plaintiffs request an adjudication that they possess, *inter alia*, common law drainage easements and that the United States "has interfered with the Plaintiffs' easement interests".  (Doc. 71 at 14).  The Plaintiffs also argue that the existence of their common law flowage easements does not depend upon the United States' activities upon its own property.  (Doc. 71 at 4).  This is true, as far as it goes, but not relevant to the resolution of the summary judgment motion, in which United States denied interfering with the easements but not their existence.

Finally, the Plaintiffs argue that the Court's order is "premised on an overly restrictive view of the scope of the common law flowage easement."  (Doc. 376 at 4).  In the Plaintiffs' view, "natural" flow is not limited strictly to original overland flow in its original course across lands in their unimproved state, and therefore "the fact that [the United States'] ditch filling and plugging

seeks to restore the original overland flow pattern to its property does not conclusively disprove either the existence of Plaintiffs' common law flowage easement, or that such easement has not been interfered with." (Doc. 376 at 4-6). In support of their expansive definition of "natural," the Plaintiffs cite to a 75-year-old California case that does not appear to ever have been cited by a Florida court: *Le Brun v. Richards*, 291 P. 825 (Cal. 1930).

In *Le Brun*, third parties had allegedly interfered with the surface flow above land owned by the plaintiff and the defendant, causing the water to be cast upon the land of one party, from which it flowed down onto the land of the other. *Id.* at 828. The lower landowner tried to argue that the interference by the third parties made the resulting flow non-natural (and therefore permitted him to interfere with it). *Id.* But the Court held that so long as the upper landowner was not interfering with or channeling the surface waters, the resulting flow was "natural," even though it was now following a new channel. *Id.* at 828-29.

The Plaintiffs would have the Court focus on the following passage from the *Le Brun* Court's explanation of the term "natural":

> It does not mean 'original'; it has no necessary relation to the contour of the terrain or to the course taken by the flow prior to any alteration of either by the works of man or by changes due to the operation of the forces of nature.

*Id.* at 829. The Plaintiffs seem to interpret this as meaning that, over time, a manmade drainage ditch can become the surface flow's "natural" channel, which cannot then be blocked by the lower landowner – or something to that effect. Read in context, however, it is clear that the Court is merely explaining that surface flow may be altered and remain "natural" – so long as the alteration is not accomplished by one of the parties to the suit. Given that Florida law permits landowners to make reasonable alterations to the flow of surface water without incurring liability to the lower

landowner, *see Westland Skating Center, Inc. v. Gus Machado Buick, Inc.*, 542 So. 2d 959, 962 (Fla. 1989), the law set forth in *Le Brun* is clearly not the law of this state.  But even if it were, the passage at issue would not answer the United States' argument that its actions have had the effect of restoring the natural flow on its property, thereby precluding a judgment that it has interfered with any common law flowage easements possessed by the Plaintiffs.  In consideration of the foregoing, it is hereby

**ORDERED** that the Plaintiffs' Motion for Rehearing and Reconsideration of Order Granting United States Fish And Wildlife Service's Motion for Summary Judgment as to Plaintiffs' Common Law Flowage Easements (Doc. 376) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 15, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE