**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MODERN, INC., and**
**FIRST OMNI SERVICE CORP.,**
          **Plaintiffs,**

**-vs-**                                          **Case No. 6:03-cv-718-Orl-31KRS**

**STATE OF FLORIDA, DEPARTMENT OF**
**TRANSPORTATION, ST. JOHNS RIVER**
**WATER MANAGEMENT DISTRICT, and**
**UNITED STATES OF AMERICA,**

**Defendants.**
_____

# ORDER

This matter comes before the Court on the Plaintiffs' Request for Judicial Notice (Doc. 343), to which Defendants St. Johns River Water Management District ("St. Johns") and State of Florida, Department of Transportation ("FDOT") have objected (Doc. 372). The Plaintiffs seek to have this Court take notice of 17 paragraphs' worth of information, ranging from 19th-century land grants and the contents of Spanish civil law to the federal Swamp Lands Act of 1850 and 20th-century efforts of the Florida legislature to regulate pollution sources beyond navigable waters.

The Plaintiffs purport to make their request on the authority of Federal Rule of Evidence 201, which governs judicial notice of adjudicative facts. (Judicial notice of the content of foreign law is governed by a separate rule, which the Plaintiffs have not invoked.) Rule 201 provides, in pertinent part, that a judicially noticed fact "must be one not subject to reasonable dispute in that it

is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court is required to take judicial notice if requested by a party and supplied with the necessary information, F.R.E. 201(d), but has the discretion to do so even if no request has been made, F.R.E. 201(c).

In the instant case, after 17 paragraphs of recitation, the Plaintiffs baldly assert that "[t]he foregoing matters[1] are not subject to reasonable dispute because they are generally known within the territorial jurisdiction of this Court and/or are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." (Doc. 343 at 6). But the Plaintiffs have made no effort at all to demonstrate that this is true. The Court doubts that there are half a dozen facts within the Plaintiffs' 17 paragraphs that are generally known within the Middle District of Florida. And although the Plaintiffs tie a number of their factual assertions to readily available sources, such as law review articles, statutes, and judicial opinions, the Plaintiffs have made no showing that these sources' accuracy "cannot reasonably be questioned."

A different question would be presented if the Plaintiffs were simply seeking judicial notice of the *contents* of these law review articles or judicial opinions. But the Plaintiffs seek a ruling that the articles and opinions not only say "X" or "Y," but that "X" and "Y" are thereby established as indisputably true – a very different proposition.

---

[1] The Court notes that the Plaintiffs have failed to distinguish between the facts of which they seek notice and those facts, if any, that were included within the 17 paragraphs simply as part of the narrative.

The Plaintiffs cite one or two documents whose contents might conceivably warrant this sort of treatment – such as the 1821 Treaty of Amity. But given that the Plaintiffs put no effort whatsoever into demonstrating the accuracy or unimpeachability of any of the dozens of sources they listed, the Court is not inclined to conduct an independent investigation on this score.

In consideration of the foregoing, the Plaintiffs' Request for Judicial Notice (Doc. 343) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 19, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party