### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MODERN, INC., and**
**FIRST OMNI SERVICE CORP.,**
                                        **Plaintiffs,**

**-vs-**                                        **Case No.  6:03-cv-718-Orl-31KRS**

**STATE OF FLORIDA, DEPARTMENT OF**
**TRANSPORTATION, ST. JOHNS RIVER**
**WATER MANAGEMENT DISTRICT, and**
**UNITED STATES OF AMERICA,**

**Defendants.**
_____

## ORDER

This matter comes before the Court on the Objection to Taxation of Costs (Doc. 467) filed

by the Plaintiffs, Modern, Inc. and First Omni Service Corp. – referred to collectively for the sake

of convenience as "Modern" – and the responses filed by Defendants State of Florida Department

of Transportation ("FDOT") (Doc. 478), St. Johns River Water Management District ("St. Johns")

(Doc. 479), and the United States of America ("United States") (Doc. 480).

### I.    Background

The Plaintiffs own several parcels of real estate near the intersection of State Road 50 and

Interstate 95 in Brevard County.  In the 1990s, they noticed flooding occurring on their property.

They eventually decided that the flooding was occurring as the result of actions taken by the

Defendants, and this suit followed.  On January 28, 2008, after years of litigation and a 14-day

bench trial, the Court found in favor of the Defendants and entered judgment in their favor.  On

February 8, the Clerk taxed costs in favor of the United States (Doc. 462) and St. Johns (Doc. 463).  On February 11, the Clerk taxed costs in favor of FDOT (Doc. 465).  Modern filed a timely objection (Doc. 467), and FDOT (Doc. 478), St. Johns (Doc. 479), and the United States (Doc. 480) responded.

## II.      Standard

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute.  Federal Rule of Civil Procedure 54(d). The presumption is in favor of awarding costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).  Congress has delineated which costs are recoverable under Rule 54(d):

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  *See also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  The Court has the discretion to award those costs specifically enumerated in Section 1920, but may not tax as costs any items not included in that section. *Crawford Fitting* at 440-44.  When challenging whether costs are properly taxable, the burden lies with the losing party, unless the

knowledge regarding the proposed cost is a matter within the exclusive knowledge of the

prevailing party.  *See Desisto College, Inc. v. Howey-in-the-Hills*, 718 F.Supp. 906, 910 n.1

(M.D.Fla.1989), *not followed on other grounds by EEOC v. W & O, Inc.*, 213 F.3d 600 (11th

Cir.2000).

III.     **Analysis**.

    **A.     Court Appointed Experts**

    Modern objected to the taxation of mediation costs sought by the United States ($1,828.38)

and FDOT ($1,823.38), which those parties have withdrawn.

    **B.     Service of Process and Subpoenas**

    Modern contends that St. Johns improperly recovered the costs associated with service of

process related to third-party claims St. Johns brought against Brevard County, The Great

Outdoors, and the Estate of Jack Eckerd.  Modern contends that a prevailing defendant "may not

seek to tax costs against a plaintiff that the defendant voluntarily incurred in third party litigation."

(Doc. 467 at 9).  It is not clear what Modern meant by that statement, but a review of the case cited

for this proposition – *Charter Medical Corp. v. Cardin*, 127 F.R.D. 111, 114 (D.Md. 1989) –

shows that it has no application to this case.  The *Cardin* court refused to let a prevailing defendant

*pass along to the plaintiffs* the costs that the prevailing defendant had been forced to pay to the

(prevailing) third-party defendants it had sued.  *Id*.  The costs St. Johns seeks to recover in regard

to Brevard County, The Great Outdoors, and the Estate of Jack Eckerd are its own.

    Modern also objects to $108 of the $153 taxed against it for service of a summons on

Robert Sprinkle, on the ground that it exceeds the cost of having the U.S. Marshal effectuate

service.  Modern also contends that 28 C.F.R. § 0.114(3) does not authorize payment of a $51 fee

for rush service and another $51 fee for statewide service that were taxed as costs by St. Johns.  St. Johns shows that service by the Marshal would have cost substantially more than the $45 asserted by Modern, but fails to respond to the argument regarding the fees.  As such, its taxable costs will be reduced by $102.

C.     **Exemplification and Copies of Papers**

Relying on Eleventh Circuit precedent, Modern objects to costs taxed against it for exhibits provided to the Court at and after trial by St. Johns.  Modern is correct that Section 1920 does not allow recovery of costs of physical exhibits such as charts and models.  *EEOC v. W&O, Inc.*, 213 F.3d 600, 622-23 (11th Cir. 2000).  However, Section 1920(4) does permit recovery of costs for "reproductions involving paper in its various forms," including oversize documents and color photographs.  *Arcadian Fertilizer* 249 F.3d at 1296.

Modern also objected to similar costs taxed against it by FDOT – $62.70 from "The Blue Print Shop" and $2,084.35 from "Southeastern Document Services" – for "Demonstrative Exhibits".  FDOT has withdrawn the $62.70.  (Doc. 478 at 6 n.4).  Modern also seeks to reclassify the $2,084.35 as copies from a request for production rather than a demonstrative exhibit, contending that it was for copies of documents produced by Modern in response to St. Johns second request for production.  The Court will permit the reclassification and allow the cost to be taxed.  However, as Modern has not had an opportunity to scrutinize this cost in light of its proper classification, the Court will entertain an objection to this $2,084.35 within ten days, if Modern so wishes.

Finally, Modern objected to $722.42 in copying costs of the United States.  The United States has shown that $95.90 of that sum was incurred to copy the state court file in *Powers v.*

-4-

*Scobie* and submitted in response to Modern's summary judgment motion that relied on that case. The Court accepts the characterization of the United States as to the $95.90.  The United States has withdrawn the remaining $626.92.

**D.      Transcription Fees**

The largest reduction sought by Modern arises in the area of fees for deposition transcripts. Modern contends that the Clerk should only tax costs for one set of transcripts, despite there being three defendants in the case.  Presumably, the one defendant has an obligation to make photocopies for the others.  The case cited by Modern does not stand for this proposition, which also fails as a matter of logic.  Modern also argues that the defendants have failed to establish that some of the depositions were necessary and not merely a convenience, but given the all-encompassing and overlapping nature of its claims, it was reasonable for a defendant to believe it needed to review all of the deposition transcripts.  Lastly, Modern contends that St. Johns should not be awarded costs for the transcripts of a motion hearing held on April 25, 2006 and the final pretrial conference.  In its response, St. Johns has shown that the hearing and the conference limited and clarified issues that were to be heard at trial, and it was reasonable to believe those transcripts were necessary.  *See Ferguson v. Bombardier Services Corp.*, 2007 WL 601921 (M.D.Fla.  2007).

**IV.      Conclusion**

In consideration of the foregoing, the Plaintiffs' Objection to Taxation of Costs (Doc. 467) is granted in part and overruled in part.  The Clerk is directed to amend the Bill of Costs awarded to the three Defendants, as follows:

1.      United States (Doc. 462):  The amount taxed for "Fees for exemplification and copies of papers necessarily obtained for use in the case" (originally $4,576.57) should be reduced by $626.92 to $3,949.65.  The amount taxed for "Compensation of court-appointed experts" (originally $1,823.38) should be reduced to nothing.  The total amount taxed (originally $24,130,20) should be reduced by $2,450.30 to $21,679.90.

2.      St. Johns (Doc. 463): The amount taxed for "Fees for service of summons and subpoena" (originally $474) should be reduced by $102 to $372.  The total amount taxed (originally $30,292.45) should be reduced by $102 to $30,190.45.

3.      FDOT (Doc. 465): The amount taxed for "Fees for exemplification and copies of papers necessarily obtained for use in the case" (originally $5,856.78) should be reduced by $62.70 to $5,794.08.  The amount taxed for "Compensation of court-appointed experts" (originally $1,823.38) should be reduced to nothing.  The total amount taxed ($28,976.83) should be reduced by $1,886.08 to $27,090.75.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 15, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party